Gian Singh SIDHU; et al., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71832.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Nancy L. Rider, DOJ—U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Gian Singh Sidhu, his wife Gurdeep Kaur Sidhu, and their daughter Satinder K. Sidhu, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), and deny the petition.

■ Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility finding because the IJ specifically and cogently articulated grounds for the adverse credibility finding that go to the heart of petitioners' claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). In their asylum application, petitioners stated that the attack on the Golden Temple was the impetus for their decision to join the Akali Dal Mann party. Lead petitioner referred to Jarnail Singh Phindrewala as a religious figure in his testimony, but when questioned neither adult petitioner was able to provide any information regarding Phindrewala's role as a Sikh leader, and both were unaware

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Phindrewala was the central figure in the attack on the temple. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999) (holding lack of specificity regarding matter that goes to the heart of petitioner's claim supports an adverse credibility finding).

■ Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because petitioners' claim under the CAT is based on the same testimony that the IJ and BIA found not credible, and they point to no other evidence that they could claim the IJ and BIA should have considered in making the CAT determination, their CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**